BARKETT, Circuit Judge,
dissenting:
I agree with the majority that the district court order dismissing without prejudice for lack of subject matter jurisdiction Hubbard’s amended petition for a writ of habeas corpus is not a final order under 28 U.S.C. § 2253(c). I also agree that Hubbard has not sought leave from this court to file his amended petition as a successive petition under 28 U.S.C. § 2244(b)(3)(A). However, I disagree with the majority’s denial of Hubbard’s motion for a stay of execution in order to allow him time to present his claims through alternative channels.
In Ford v. Wainwright, the Supreme Court unequivocally held that the execution of a person who is mentally incompetent constitutes cruel and unusual punishment and, thus, violates the Eighth Amendment. 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). In this case, Hubbard argues that the holding of Ford renders his execution, under the facts as they currently exist, unconstitutional. Hubbard is seeking a temporary stay of execution so that we may adjudicate the claim that his execution would violate the Eighth Amendment in light of his mental incompetence.
Petitioners have a right under Ford to an evidentiary hearing to decide the merits of their competency claims once they have made a substantial threshold showing of incompetency.[1] The Ford plurality declared that “in a habeas corpus proceeding, a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.” 477 U.S. at 410, 106 S.Ct. 2595. See also Coe v. Bell, 209 F.3d 815, 819 n. 1 (6th Cir.2000) (discussing Ford and noting that “five justices agreed that a fair hearing was required if a prisoner made a substantial threshold showing of incompetency to be executed.”). It is unclear to me based upon the record before us whether Alabama has afforded Hubbard the due process required under Ford. While the Alabama Supreme Court allowed Hubbard to obtain copies of his medical records and to be evaluated, it *1248 rejected his request for an evidentiary hearing in a eonclusory one-sentence order.[2] Given these facts, Alabama may not have accorded Hubbard the process to which he is entitled under Ford.
Hubbard claims that he could not have raised his mental incompetency claim earlier on direct appeal or in his initial habeas petition because the conditions underlying that claim had not existed at a time when his execution was imminent. Under these circumstances, it is inappropriate to force Hubbard to file an application for a second or successive habeas petition without granting his request for a stay.[3] Doing so would effectively foreclose us from reviewing Hubbard’s Ford claim despite the fact that Hubbard could not have brought this claim earlier.[4]
I would also grant the stay because Hubbard could pursue his claim under 42 U.S.C. § 1983. In Nelson v. Campbell, — U.S. -, 124 S.Ct. 2117, 2123, 158 L.Ed.2d 924 (2004), the Supreme Court allowed a defendant to bring a § 1983 challenge to Alabama’s use of a gratuitous “cut-down” procedure, rejecting the state’s argument that such a claim was the functional equivalent of a second or successive habeas petition and thus barred by AED-PA. The Nelson Court determined that the petitioner’s claim was not within the “core” of federal habeas corpus law, because it did not challenge the “fact” or “validity” of the death sentence but rather challenged the particular method of execution without precluding Alabama’s imposition of an alternative, constitutionally permissible method. 124 S.Ct. at 2122, 2123. The Court addressed the merits of petitioner’s § 1983 claim and found that employing the cut-down procedure in the petitioner’s case would violate the Eighth Amendment.
Here, Hubbard has come forward with evidence that he is in fact incompetent. If he is able to bear out this claim, that showing would not amount to a challenge to the “fact” or “validity” of his sentence because he is not arguing that there are no circumstances where Alabama could constitutionally impose execution. Unlike a standard habeas claim, Hubbard does not challenge the validity of his original trial and sentence or the ability of the state to sentence him to death. Rather, he argues *1249 that circumstances have changed such that the state cannot impose his sentence consistent with the Constitution at this time. See also Coe, 209 F.3d at 819 (“A competency-to-be-executed claim only raises the issue of when a prisoner will be competent for execution and does not challenge the validity of the prisoner’s conviction or sentence.”) (citing Ford, 477 U.S. at 425, 106 S.Ct. 2595 (Powell, J., concurring)). Thus, Hubbard’s claim, like Nelson’s, falls “at the margins of habeas.” Nelson, 124 S.Ct. at 2124.
For these reasons I would grant the request for a stay of execution.

. Hubbard has offered evidence based on medical records and an evaluation by a qualified psychologist suggesting that his mental competence may not rise to the level required under Ford. For example, tests show that since his sentencing in 1977, his IQ scores have declined substantially, and he has exhibited some signs of dementia.

. The full text of the order reads: "The petitioner having filed a Motion for Factual Development and Evidentiary Hearing on Mental Retardation Claim, and the same having been duly submitted to the Court, it is ordered that The Motion for Factual Development and Evidentiary Hearing on Mental Retardation Claim is denied." Ex Parte Hubbard, No. 1780688, slip op. (Ala. June 21, 2004).

. In this Circuit, we have already denied an attempt to bring an incompetency-to-be-executed claim in a second habeas application, Medina, 109 F.3d at 1564-65. Federal courts also generally dismiss a Ford claim as premature when it is raised on direct appeal or in a first habeas petition where death is not imminent. See Stewart v. Martinez-Villareal, 523 U.S. 637, 640, 643, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); Martinez-Villareal v. Stewart, 118 F.3d 628, 630 (9th Cir.1997). Under these precedents, Hubbard's case presents a classic catch-22 (which seems to permeate death penalty jurisprudence) because the circumstances underlying his Ford claim may not have been present at the time of his first habeas petition and he is now barred from bringing it as a second habeas petition. While Hubbard does have the option of petitioning the Supreme Court for a writ of certiorari to review a state supreme court's denial of his incompetency claim or to exercise its original jurisdiction to consider his Ford claim, In re Medina, 109 F.3d 1556, 1564 (11th Cir.1997), he rightly points out that, in practice, the Supreme Court rarely exercises its power to do so and has not actually granted an original petition for habeas corpus relief in nearly eighty years. See Pet. Brief at 9 n.3.

.Moreover, he certainly could not have brought an advanced age claim until such time as he reached an advanced age.